**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| DAPHNE REED | : : : : : : : : : : : : : : | Civil Action No.: 18-13990 |
| Plaintiff | | **COMPLAINT** |
| v. | | |
| DELTA AIR LINES, INC., | | **Jury Trial Demanded** |
| Defendant. | | |

## NATURE OF ACTION

1.  Plaintiff, Daphne Reed, an employee of Delta Air Lines, brings this lawsuit against her employer, Delta, to remedy harassment and discrimination, in retaliation for use of FMLA and/or due to her disability or perceived disability status and/or age.

## PARTIES

2.  Plaintiff, Daphne Reed, is an adult individual, residing at 6687 Lakeview Blvd., # 6112, Westland, MI 48185.  At all times material hereto, Plaintiff was employed by Defendant, Delta Air Lines, as a Flight Attendant.  In her capacity of an employee of Delta, Plaintiff has been a Flight Attendant based out of Detroit

since in April 24, 2007 and has worked as a Flight Attendant for Delta for over 11 years.

3. Delta Air Lines, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Atlanta, Georgia. Delta employs more than 80,000 employees worldwide and, as of October, 2016, flew to 54 countries on 6 continents. In 2013, Delta was the world's largest airline in terms of passengers carried, at 120.6 million passengers. Delta has numerous key hubs and markets including but not limited to Detroit, at Detroit Metropolitan Airport.

## JURISDICTION AND VENUE

4. The above paragraphs are incorporated herein by reference.

5. Jurisdiction in this Honorable Court is based on federal question and diversity by 28 U.S.C. §§1331 and 1332; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of Michigan, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at Detroit Metropolitan Airport, Wayne County, MI.

## STATEMENT OF FACTS

7. The above paragraphs are incorporated herein by reference.

8. Delta, in a number of unlawful, intimidating and discriminatory acts, created a discriminatory and hostile work environment for Plaintiff. Plaintiff has been

employed by Delta since April 24, 2007. A loyal flight attendant for over 11 years, including her tenure at Northwest Air prior to its merger with Delta, Plaintiff always provided her customers with exceptional service.

9.  In or around February 2010, Plaintiff was diagnosed with deep vein thrombosis (DVT), blood clots in her legs. DVT can cause severe leg pain and swelling and be life threatening.

10.  In or around February 2010, Plaintiff applied for unpaid work absences under the Family and Medical Leave Act (FMLA) for her DVT. She had difficulty getting her FMLA approved because of Delta's disorganization in processing her paperwork.

11.  Eventually, Plaintiff was granted approved unpaid work absences under the FMLA.

12.  However, even though Plaintiff had been granted FMLA, many of her sick calls due to her DVT went unexcused.

13.  For each of her absences, Plaintiff submitted all the appropriate paperwork in a timely manner to Delta's third-party claims management company. However, these absences went unexcused because Delta failed to properly process her paperwork.

14.  Upon information and belief, these absences were not properly processed by Delta. Thus, while Plaintiff had a legitimate illness that kept her from flying, Delta charged Plaintiff with unexcused time off.

15.  These unexcused absences caused Plaintiff to be put on an 18-month probation as of September 2017.

16.  This caused Plaintiff substantial stress and anxiety and she feared for job since her legitimate absences were not being approved.

17.  Delta managers also regularly find issues with Plaintiff, even though she has not done anything wrong.

18.  For example, managers harass Plaintiff because she is a union supporter. Any union advocacy Plaintiff is involved with is in compliance pursuant to the Delta Employee Handbook.  Thus, Delta should not have any issue with her being a union supporter. Upon information and belief, the harassment concerning Plaintiff's union advocacy and support are a pretext for FMLA and/or disability discrimination. In addition to and/or in the alternative the harassment regarding Plaintiff's union advocacy is a pretext for age discrimination as described in the proceeding facts.

19. The discriminatory and hostile treatment of Plaintiff has no valid business purpose or justification.

20.  In addition to and/or in the alternative, the discipline and hostile treatment of Plaintiff is due to her age of 47 years old.

21.  Upon information and belief, Delta Air Lines has engaged in an illegal pattern and practice of intentionally discriminating and retaliating against senior employees based upon their age.

22.  Delta has publicly stated that it is turning its attention to millennials, those born from the early 1980's to the late 1990's. Delta's CEO, Edward Bastian, has said by 2020, half of Delta's customers will be millennials and it is anticipated that Delta's employees will mirror the same balance.

23.  Upon information and belief, Delta has engaged in a pattern and practice of using pretextual, embellished or untruthful allegations to terminate flight attendants who are over 40 years old.

24.  Bastian stated during a 2016 interview, "There's no question that the face of Delta's employees is changing, it's becoming younger…. We have got to stay ahead of that change and make certain our product and our service offerings are fresh."  Delta News Hub, May 2, 2016.

25.  Upon information and belief Delta's website, called DeltaNet -- highlighted its commitment to hiring a younger workforce, with a large headline: "Delta commits to hire young American workers for 'First Job'."

26. Upon information and belief, Delta has no plans of expanding its total number of flight attendants.

27. Delta is not in a position to hire a large number of employees to fulfill their millennial goals without removing a significant number of Delta's senior employee pool. This means that Delta's older employees will have to leave their employment either voluntarily or involuntarily.

28. In 2017, Plaintiff's salary was approximately $73,000 per year. Upon information and belief, Delta could hire three first time flight attendants for the same amount of money they were paying Plaintiff yearly.

29. In 2017, Delta released a reality show called "Earning Our Wings" about becoming a flight attendant. Upon information and belief, one of the motivations for this show was to attract younger "millennial" employee applicants.

30. Upon information and belief, Delta has a de facto policy to terminate or discipline older employees due to perceived or manufactured infractions of company rules.

31. Upon information and belief, from publicly available sources:

   a. Delta's most recent incoming classes of flight attendants have been predominantly under 30 years old.

   b. Upon information and belief, a Delta flight attendant based in Detroit, "Employee A", who flies throughout the system, observed that the

ages of flight attendants were going down, mostly because incoming classes were predominantly young people.

c.  Employee A felt that it was obvious that Delta was getting rid of older flight attendants so they could be replaced by younger ones.

d.  Employee A learned of multiple cases where older Delta employees were terminated for false reasons or trivial reasons that would not have warranted termination in past years.

e.  Employee A is over 40 years old and began working as a flight attendant for Northwest Airlines before its merger with Delta in 1979. Based upon her observation (and pursuant to the flight attendant seniority lists that she has seen) the total number of flight attendants in the employ of Delta Air Lines has not been expanding -- yet young flight attendants now dominate the incoming ranks. Employee A further stated this means that Delta is replacing older flight attendants in increments. Older flight attendants are being phased out -- by forced retirement and involuntary termination -- in favor of younger flight attendants, according to said Employee A.

f.  The EEOC's Miami office is investigating claims of age discrimination by Delta Air Lines in which the corporation fired or

forced out older flight attendants. The victims have claimed false, exaggerated or pretextual reasons for the adverse actions against them.

g.  Another Delta Flight Attendant, "Employee B," who was first hired as a flight attendant in 1978 with Northwest Airlines prior to its merger with Delta, is 74 years old. According to her sworn EEOC charge, she was forced to retire for an alleged violation of company policy, which alleged violation "had not caused the termination of younger employees.  Thus, I was forced to resign (retire) because of my age." Employee B's EEOC charge included a formal charge of age discrimination.

h.  Employee B's sworn EEOC charge, stated, further, that, "I think there is a provable trend at Delta to rejuvenate its work force, i.e. make it younger.  What I mean by that is that it is terminating (or forcing termination of) older employees upon false or trivial accusations or at least accusations that previously would have warranted lesser discipline, such as letters of reprimand and/or suspensions.  What this means is that older employees are being let go or forced out and replaced with younger employees earning fractionally less than their predecessors.   Delta is even resorting to false or exaggerated

allegations."  Thus, the complainant identified age discrimination and pretext in the reasons selected to fire her.

i.  According to the EEOC charge of another Delta flight attendant, "Employee C", he was over 40 years old when fired from Delta and alleged in his EEOC charge that the company committed age discrimination against him.  He claimed that, "there is a provable trend at Delta to 'rejuvenate' its work force, i.e. make it younger.  What I mean by that is that it is terminating older employees upon false or trivial accusations or at least accusations that previously would have warranted lesser discipline, such as letters or reprimand and/or suspensions."   Thus, the complainant identified age discrimination and pretext in the reasons selected to fire him.

j.  According to another EEOC charge, with similar accusations, Delta is getting rid of older flight attendants to make room for young ones, thus, age discrimination had been committed, according to the sworn EEOC charge.  The complainant was 67 years old when fired for reasons that he claimed under oath would not have caused termination previously.  This was done to make room for young flight attendants.  He had worked for Delta and Northwest Airlines as a flight attendant

since 1987.  Thus, the complainant identified age discrimination and pretext in the reasons selected to fire him.

    k.  Upon information and belief, according to allegations in federal court pleadings, several other Delta flight attendants have also noted the trend of getting rid of older flight attendants to be replaced by young ones.  One stated that all new hires as flight attendants are in their mid-20s and early 30s.  Another stated that Delta Air Lines was obviously moving to terminate its older flight attendants to make room for new ones who were completing their training classes. Trivial reasons were selected to force out older flight attendants, which reasons would not have caused significant discipline at all in prior years, they informed plaintiff.

32. The firing of Plaintiff was pretextual. Plaintiff had an exceptional work record, and never violated any Delta policies. She had an excellent reputation with her customers.  Plaintiff's termination was pretextual for age discrimination.

33. Plaintiff believes and therefore avers, in the addition and/or in the alternative, that the foregoing conduct violated other laws including but not limited to the FMLA, the ADA, the ADEA, and/or other laws that provide exhaustion of administrative remedies with the EEOC or other agencies.

34. Plaintiff has exhausted administrative remedies after filing with the EEOC and other state agencies and has obtained a right to sue. This action is filed within 90 days of the issuance of Plaintiff's right to sue letter.

## STATEMENT OF CLAIMS

### COUNT I
### INTERFENCE WITH FMLA RIGHTS

35. The above paragraphs are incorporated herein by reference.

36. Delta was Plaintiff's "employer" as defined by the FMLA.

37. Plaintiff was an eligible employee under the FMLA

38. Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

### COUNT II
### RETALIATION IN VIOLATION OF FMLA

39. The above paragraphs are incorporated herein by reference.

40. Delta unlawfully retaliated against Plaintiff in violation of the FMLA.

41. Delta conduct constitutes unlawful retaliation against Plaintiff in violation her rights under the FMLA, 29 U.S.C. §2615(a).

42. Delta acted purposely and with malice with the intent to injure Plaintiff.

43. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment

44.  As a direct and proximate result of Delta's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages.

## COUNT III
## ADA RETALIATION

45.  The foregoing paragraphs are incorporated herein by reference.

46.  In addition to and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's disability or perceived disability.

47.  Delta unlawfully retaliated against Plaintiff in violation of the ADA.

48.  The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment.

## COUNT IV
## AGE DISCRIMINATION

49.  The foregoing paragraphs are incorporated herein by reference.

50.  In addition to and/or in the alternative to the proceeding claims, the foregoing adverse employment actions taken against Plaintiffs, constituted age discrimination under the ADEA.

51. Delta conduct constitutes unlawful discrimination against Plaintiff in violation of her rights under the ADEA, 29 U.S.C. § 621 *et seq.*

52.  Delta acted purposely and with malice with the intent to injure Plaintiff.

53.  Delta unlawfully retaliated against Plaintiff in violation of the ADEA.

54.  The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

55.  As a direct and proximate result of Delta's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages. Plaintiff has incurred, and will continue to incur, substantial economic damages.

**COUNT V**
**VIOLATION OF THE MICHIGAN CIVIL RIGHTS LAW/ELLIOTT-LARSEN CIVIL RIGHTS ACT**

56.  The above paragraphs are incorporated herein by reference.

57.  The above acts and practices of Delta constitute unlawful discriminatory employment practices under the Elliott-Larsen Civil Rights Act.

58.  Delta unlawfully retaliated against Plaintiff in violation of Michigan state law.

59.  As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT VI
## HOSTILE WORK ENVIRONMENT

60.  The above paragraphs are incorporated herein by reference.

61.  The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

## COUNT VII
## VIOLATION OF TITLE VII

62.  The above paragraphs are hereby incorporated herein by reference.

63.  By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

64.  Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

65.  Delta unlawfully retaliated against Plaintiff in violation of Title VII.

66.  As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

67.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Delta, and Order the following relief:

a. A declaratory judgment declaring that Delta has illegally discriminated against Plaintiff;

b. Declaring the acts and practices complained of herein are in violation of Title VII, the ADA 42 U.S.C. Section 12101 et. seq., the FMLA, the ADEA, MI State Law;

c. Enjoining and permanently restraining the aforesaid violations;

d. Make whole order for Plaintiff, both in terms of pay, compensation, benefits, terms and conditions and emoluments of employment, including but not limited to back pay, front pay, and any pay differential;

e. Payment of compensatory and punitive damages, to Plaintiff in an amount to be determined at trial; and,

f. An award of Plaintiff's attorneys' fees and costs of suit as provided by Title VII, the FMLA, the ADA, the ADEA, and Michigan State Law.

g. Such other relief as this honorable Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable herein.

Respectfully submitted,

LAW OFFICES OF ROBERT J. MORAD PLLC.

By/s/Robert J. Morad_____
By: Robert J. Morad (P56475)
Attorney for Plaintiff
355 S. Old Woodward Ave, Suite 100
Birmingham, MI 48009
248.646.2920
248.646.8747
robert@rjmoradlaw.com

MILDENBERG LAW FIRM
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiffs
(*pro hac vice* pending)

WEISBERG LAW
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
7 South Morton Ave
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs
(*pro hac vice* pending)

Dated:        December 20, 2018